CASE 113—ACTION TO ENFORCE A MATERIAL MAN'S LIEN—MAY 22.

# Kinsey v. Eilerman, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.   AFFIRMED.

MECHANICS' LIENS—AMENDMENT OF STATUTE AFTER CONTRACT WAS
MADE.

Held:   Under the law regulating the liens of mechanics and material
men, as it existed prior to the amendment of March 21, 1896, a
material man could acquire no lien except by giving notice to the
owner, and then only to the extent that the owner was indebted
to the contractor; and, where the contract was made and the
material furnished before the amendment was enacted, the orig-
inal law, and not the amendment, applies.

D. A. GLENN, ATTORNEY FOR APPELLANT.

This is an action in which appellant is seeking to impose a lien
upon the property of Eilerman & Sons. The facts are as fol-
lows: On February 22, 1896, The Fred J. Meyers Manufacturing
Company contracted with Eilerman & Sons to furnish a portion
of the iron material and put same into the construction of a
building then being built by Eilerman & Sons; and said Mey-
ers & Co., purchased a portion of the material from appellant,
and used same in said building. This material was furnished
between March 31 and May 22, 1896. Appellant gave appellees
notice on July 16, 1896, that he would look to them for the pay-
ment of his claim of $1,722, and filed his claim July 17, 1896, and
brought this suit November 21, 1896.

The notice, lien and suit, were all in time under the law of
1893, section 2463, Kentucky Statutes.

The appellees paid the Meyers Company the amount, and at
the times stated, viz: May 15, $1,000; May 26, $500; June 16,
$1,000; June 28, $250; June 29, $1,150.  Total, $3,900.  The con-
tract price was $4,085, and that left unpaid $185, which remains
unpaid.

On March 21, 1896, the Legislature amended the lien law;
this amendment went into effect June 15, 1896.  It did not re-
peal section 2463, but reenacted and amended the same, and pro-
vides that a person who performs labor or furnishes material

in the erection or for the improvement of real estate in any manner, by contract with, or by the written consent of the "owner,. contractor, sub-contractor, or authorized agent," shall have a. lien thereon, and the improvement, to secure the amount of the claim and costs, and provides same should be superior to any mortgage or other lien created after the first labor done, or materials furnished, and provides that same should *relate back and take effect* from the time of the commencement of the labor or the furnishing of material, and provides also that such lien should not take precedence of a mortgage or other contract lien or *bona fide* conveyance for value without notice, &c., unless claimant, before the recording of the mortgage or other conveyance, filed in the county clerk's office a statement showing the amount of his claim, &c.

The time for giving notice and filing lien is changed from "sixty days" to "six months."

It is claimed by appellees that they should not be bound by the amendment, because it is unconstitutional, because it impairs the obligation of the contract sued on, which was made while section 2463 was in force, while we claim that their contention is not supported by the authorities.

### AUTHORITIES CITED.

Acts of 1896, chap. 29, p. 47, secs. 2463 and 2492; Jellico Mining Company v. Commonwealth, 16 Ky. Rep., 463; Am. & Eng. Ency. of Law, vol. 15, p. 18 (at bottom); Payne v. Woodworth,. 15 Wis., 298; McCrea v. Craig, 33 Cal., 522; Williamette, &c. v. Riley, 1 Oreg., 183; Turney v. Saunders, 5 Ill., 527; Best v. Baumgardner, 122 Penn., 17 and 1 L. R. A., 356; Williams v. Bernheimer, 5 Minn., 288; Bosoit on Mechanic's Liens, secs. 47 and 48; Groesbeck v. Barger, 41 Pac., 204 and 1 Kan. App., 61;. Whittaker, &c. Co. v. First Nat. Bank, 792 and 2 Kan. App., 704; Shelleyberger v. Thayer, 15 Kan., 619; Dellehay v. Goldie, 17 Kan.. 263; Jones on Liens, vol. 2, sec. 1304; Andes v. Davis, 63 Ind.,. 17; Clough v. McDonald, 18 Kan., 1014; Laird v. Moyaan, 33: Minn., 358; Ballou v. Black, 21 Neb., 131; Lonkey v. Cooke, 15 Nev., 58; White v. Miller, 18 Penn. St., 52; Cole Mfg. Co. v. Falls,. 90 Tenn., 471; Reeves v. Henderson, 90 Tenn., 521; Knoxville,. &c. R. R. Co. v. Mason, &c., 16 Ky. Rep., 9; Central Trust Co.. v. Richmond, &c. R. R. Co., 41 L. R. A., 458; McMurrey v. Brown, 91 U. S., 266; Dressman v. Farmers and Traders' Bank, 18 Ky. Rep., 1013; Dressman v. Simonin, &c., 20 Ky. Rep.; Greene v. Williams, 19 L. R. A., 478; Waddy, &c. Co. v. Davis, &c. Co., 20 Ky. Rep., 259; Volmering v. Breeden, 20 Ky. Rep., 899; Montgomery, &c. v. Allen, &c., 21 Rep., 1001;. Fox, &c. v. Somerset O.. F. H., &c. Co., 21 Rep., 1272.

H. C. THEISSEN, ATTORNEY FOR APPELLEES.

1. The appellee claims that the amendment to the lien law, so far
   as it undertakes to interfere with contracts theretofore made, is
   unconstitutional.

2. This amendment can not be applied to this case unless it is con-
   strued to have retroactive effect, and such a construction will
   impair the obligation of contracts theretofore made.

   The court adjudged the appellant a lien against appellees only
   for the amount due by them at the filing of notice, to-wit: $185
   with interest from July 19, 1896, and we contend he is entitled
   to nothing more.

### SUPPLEMENTAL BRIEF BY APPELLEE.

Since the submission of this case this court has rendered a de-
cision in the case of Vass v. Otting, 22 Law Rep., 551, involving
the same questions presented here in which the court says:
"The contract, if made as appellant contends, was made prior to
the Act of March, 1896, and all rights and liabilities are governed
by the law in force at the time of making the contract."

### AUTHORITIES CITED.

1. CONSTITUTIONALITY OF THE AMENDMENT. L. F. Young v. Lion
   Hardware Co., 36 Weekly Law Bulletin, (Ohio) 315.

OPINION OF HON. CHAS. J. HELM, JUDGE CAMPBELL CIRCUIT COURT.

2. AS TO WHETHER THE AMENDMENT IS TO BE APPLIED HERE.
   a.  General principles as to retroactive effect of laws.  4 Litt.,
   53; 4 Metc., 294, Berry v. Ransdell; 2 Duv., 480, O'Donoghue v.
   Akin; 1 J. J. M., 284, Head v. Ward.

b.  Retroactive effect of Mechanics' lien laws.  Boisot Mechanics'
   liens, sec. 41 and sec. 46; O'Neil v. St. Olafs' School, 26 Minn.,
   329 or 4 N. W., 47; Parker v. Railroad Co., 115 Mass., 440; Good-
   bud v. Estate of Hornung, 127 Ind., 181, or N. E. Rep., p. 773;
   Ballard's Annual, vol. 4, sec. 515; vol. 5, sec. 509; and cases
   there cited; Boisot, secs. 232 and 233, (distinction between direct
   and substituted liens); Taylor v. Dohn, 6 Ind. Appeals, 672 or
   34 N. E., 121; Boiset, sec. 41. Various cases there cited.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

It   appears   from   the   record   in   this   case   that
the  appellees, George  H.  Eilerman  &  Sons,  entered
into  a  contract  with  the  Fred  J.  Meyers  Manufacturing
Company for the erection of a certain building in Coving-

ton, Ky., at a cost of perhaps over $4,000, and that the appellant between the dates of March 31, 1896, and May 22, 1896, sold to the said Meyers Manufacturing Company certain articles, for which said company promised to pay $1,721.22, and, by the direction of said company, delivered the same to appellees, where they were constructing a building on Pike street and Madison avenue, in Covington. The said articles so sold to said company were received by the appellees and used in the construction of their building; and on the 16th day of July, 1896, the said Meyers Manufacturing Company being indebted to appellant in the said sum of $1,721.22, he (appellant) caused notice of the sale and purchase of said goods, and the indebtedness of the said company to him, to be served on the appellees, notifying them that he looked to them for the payment of the claim set out. It is alleged that, upon the failure of appellees to pay his said claim, he proved it according to law, and lodged it with the clerk of the Kenton County Court; that at the time of the service of the said notice the appellees were indebted to the said Meyers Manufacturing Company, on account of materials furnished and work done by said company, in a sum of money more than sufficient to satisfy plaintiff's claim; and that although the said building had been completed, and the contract with the Meyers Manufacturing Company complied with and ended, the appellees failed and refused to pay plaintiff's claim. Plaintiff further claimed a lien upon the house and lot to secure the payment of his claim, and asked for a sale thereof. The first and second paragraphs of the defendant's answer contain some technical defenses, not necessary to recite. In the fourth paragraph appellees deny that on the 16th day of July they were indebted to the Meyers Manufacturing Company in the sum of $1,721.22,

or any sum in excess of $185. They averred that on the —— day of February, 1896, the defendant, Meyers Manu- facturing Company, contracted with them to furnish cer- tain work upon the building about to be erected for the aggregate price of $4,085, and that thereafter they paid to the said Meyers Company on account of this contract $3,900, as follows: May 15, 1896, $1,000; May 29, 1896, $500; June 16, 1896, $1,000; June 26, 1896, $250; June 29, 1896, $1,150. After the issues were finally made up, the court rendered a judgment to the effect that there was due from appellees to the Meyers Company and its as- signee the sum of $185. It was further adjudged that the plaintiff had a lien on the real estate situated on the north- east corner of Pike street and Madison avenue, in Coving- ton, Ky., to secure the payment of the said sum of $185. From that judgment appellant prosecutes this appeal, in- sisting that he should have recovered a judgment against appellees for the entire claim.

Under the law as it existed at the time that the ma- terial was furnished by the appellant, he could have only acquired a lien for the same by giving notice to the owners that a lien would be claimed. And in such case it was the duty of the owners, if they were indebted to the con- tractor or subcontractor, to have withheld a sufficient amount to satisfy the claim of the party so notifying them, provided the indebtedness was enough to pay the same or any part. Section 6 of the act in question reads: "The liens mentioned in the preceding section shall be dissolved unless the claimant, within sixty days after he ceases to labor or furnish materials as aforesaid, files in the office of the clerk of the county court of the county in which such building or improvement is situated, a statement of the amount due him, with all just credits and set-offs,

known to him." Acts 1891-93, p. 507. The law in respect
to such liens was materially modified and enlarged by the
act of March 21, 1896, which went into effect not earlier
than June 19, 1896. The contention of the appellant is that
the act of 1896 had taken effect at the time he gave the
notice in question, and filed in the clerk's office of the
Kenton County Court his account, and asserted his lien
on the property in question, and that the act of March,
1896, was simply a change in the remedy or the process
by which he could make effective his lien upon the proper-
ty sought to be subjected. The contention of appellees is
that inasmuch as the contract was made and the material
furnished before the act of March, 1896, took effect, the
rights of the appellant must be determined by the law
then in force, and that he could acquire no lien upon the
property, nor claim against them, except under the pro-
visions and in accordance with the law then in force.
Many authorities are cited in support of the respective
contentions of the parties, but we deem it unnecessary
to discuss the authorities referred to, as it seems clear to
us that the rights of the appellant must be governed by
the law in force at the time that he made the contract
with the Meyers Manufacturing Company, and at the time
he furnished the material for which he seeks to recover
judgment; and under that law he could acquire no lien
except by giving the notice prescribed, and then only to
the extent that the owner of the building was indebted
to the contractor or person who undertook to erect the
building. To hold otherwise would be to give to appellant
a right or demand that he was not entitled to at the time
the contract was entered into, nor to which he was entitled
at the time he furnished the articles sued for. It may be
true that at the time he served the notice the act of March,.

1896, was in force, and the same may be said as to the time he filed with the clerk of the Kenton County Court his claim, and asserted a lien therefor; but these proceedings could not have the effect to give him a substantial right which did not accrue to him during the time he rendered the services for which he seeks to recover. It would be manifestly unjust, and also unconstitutional, to impose upon the owners of the building a liability or a burden which did not exist, and under the law could not be enforced, at the time the contract was entered into with the Meyers Manufacturing Company. It seems clear to us that no law could be enacted after the contract was entered into that would give to the Meyers Company any rights that it did not have at the time it entered into the contract, and certainly no new responsibilities or burdens could be imposed upon the appellees after the making of the contract with the Meyers Company. And, if this be true, it necessarily follows that a subcontractor or material man could not be placed in a more favorable attitude than the original contractor; nor would it be just or fair to the owners of the building to impose upon them burdens and conditions not existing at the time they received and used the material charged for. It is therefore evident that the only amount appellant was entitled to recover was the $185 due from appellees to the Meyers Company at the time of the service of the notice in question. Judgment affirmed.

Petition for rehearing, by appellant, overruled.